[No. 1929.  Decided November 25, 1895.]

Tacoma Light and Water Company, *Appellant*, v. Herbert S. Huson *et al.*, *Respondents*.

TRIAL — RECEPTION OF EVIDENCE — WAIVER OF OBJECTIONS.

An objection that certain testimony is inadmissible under the pleadings is properly overruled, where the same testimony has been voluntarily drawn out by the party objecting, although in part from adverse witnesses, whose testimony it failed to contradict.

Appeal from Superior Court, Pierce County — Hon. John C. Stallcup, Judge.    Affirmed.

*Parsons, Corell & Parsons*, and *Crowley, Sullivan & Grosscup*, for appellant.

*A. R. Titlow, J. A. Shackleford,* and *J. S. Whitehouse*, for respondents.

The opinion of the court was delivered by

Scott, J.—This cause was argued and submitted with No. 1914, brought by the same plaintiff against the City of Tacoma, which we have just decided.

Although the form of this action is trespass, it contains much in common with, and is largely governed by the disposition of, the other cause. In this case the defendants were sued for entering upon the plaintiff's premises and removing therefrom certain property which they claim belonged to the city under its purchase of the light and water plant, and they claimed to be acting by authority of the city in so taking it. The action was tried to a jury and a verdict and judgment for the defendants resulted; whereupon this appeal was taken.

We are of the opinion that under the plaintiff's own showing in this case the character and description of the property taken was such that the title thereto passed to the city under the terms of the ordinance No. 790, as adopted by the voters of said city, the plaintiff having ratified the offer to purchase, as contained in the ordinance, by accepting the money, as we held in the other case above referred to. This being so, many questions raised by appellant are eliminated, and the remaining material questions can be such only as relate to the manner of the taking. It is very evident that while the action was brought in this form, the main purpose was to determine the right of the parties to the property taken. The appellant does not contend in its brief that there was any substantial damage to the premises further than the breaking of a lock or two, which could be of no great value. Even this damage was a disputed question, and the jury found for the defendants. It is not contended that anything beyond actual damages could be recovered in this action, and consequently all questions as to the manner of the taking can bear only upon the appellant's right to recover nominal damages.

A voluminous record of nearly one thousand pages has been brought up, and numerous errors have been assigned, but under the present aspect of the case we do not feel called upon to give them more than a general consideration. It was contended by appellant that the defendants were not authorized under their pleadings to show that they had authority from, or acted in behalf of, the city in taking the property, nor were entitled to show that they had authority from the plaintiff company to enter upon the premises whereon they were charged with trespassing. We have read enough of the great volume of testimony taken by the plaintiff in making its case to satisfy us that these questions were fairly entered upon and opened up by the plaintiff voluntarily, notwithstanding the fact that the plaintiff did object several times to the defendant's going into them upon the cross-examination of some of plaintiff's witnesses, which objections were overruled by the court, and rightfully so under the circumstances.

It appeared by the plaintiff's examination of some of its own witnesses that the defendants sued were either officers of, or in the employ of the city; that the city's teams were used in taking the property and it was removed to the city hall and was thereafter guarded by the city's employees, and that the city retained possession of it, and that in taking the property the defendants were acting for the city under its claim of title. Although some of these witnesses had been present and assisted in the taking of the property and were adverse witnesses, and although the plaintiff was authorized to contradict their testimony and was not bound by it in this particular, though drawn out by the plaintiff, nevertheless, the fact that it was drawn out by the plaintiff and that the plaintiff did enter

upon these questions, was sufficient to obviate all objections as to such testimony being admissible under the pleadings, and that is all we are concerned with at this time, for the jury disposed of the remainder.

Furthermore, it appears by the testimony of one Scherbenall, who was the second witness called by the plaintiff, and upon his examination in chief, that Lloyd, one of the parties defendant, had, prior to the time the property was taken, taken charge of the building where the trespass is alleged to have been committed. The witness had been one of plaintiff's employees, and was working in the building in question, and he testified that notice was posted there directing the employees in said building to obey Mr. Lloyd, from the time he took possession of the building in behalf of the city. Upon the cross-examination of this witness, without any objection thereto by the plaintiff, and with no prior objection to any like testimony, he testified that Lloyd was in the employ of the city as superintendent of its fire and water department. It may not be improper to state that this witness appears to have been entirely disinterested, and was not one of those who participated in the taking of the property. We give the above only as instances to show the general trend of the proof upon the part of the plaintiff, and it seems to us that, under any fair construction of the testimony as brought out by the plaintiff in making its case in chief, it must be held that the defendants were authorized to dispute the plaintiff's possession of the building in question, and to show that the city was in possession, or had authority to enter, regardless of the fact as to whether they had sufficiently pleaded such a defense. The property in question was taken either from this building or from an adjacent street, and there was testi-

mony to show that the taking was a peaceable one
and that no trespass was committed.

A great many errors are alleged with reference to
the instructions given and refused by the court, but
after an examination thereof we think it sufficient to
say that at least the only material matters in the case,
as it now stands, were fairly submitted by the court to
the jury, and the verdict of the jury must be held to
have settled the controversy as to the manner of the
taking in favor of the defendants.

The judgment is affirmed.

GORDON and DUNBAR, JJ., concur.

HOYT, C. J., dissents.